1

2

3

4

5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

6  James Anthony Tolan,                    )        3:10-CV-17-ECR-RAM
                                           )
7        Plaintiff,                        )
                                           )
8  vs.                                     )        <u>**Order**</u>
                                           )
9  RENO POLICE OFFICER AMANDA              )
   HARTSHORN, individually and in her )
10 official capacity, RENO POLICE          )
   OFFICER MICHAEL BARNES,                 )
11 individually and in his official        )
   capacity; MICHAEL POEHLMAN,             )
12 individually and in his official        )
   capacity as Chief of Police for         )
13 the City of Reno Police                 )
   Department; RENO POLICE DEPARTMENT;)
14 The CITY OF RENO, a political           )
   subdivision of the state of Nevada;)
15 DOES I-X; ROE CORPORATIONS I-X,         )
   inclusive,                              )
16                                         )
         Defendants.                       )
17                                         )
                                           )
18 ────────────────────────────────────────

19      Plaintiff in this case is James Anthony Tolan.  He alleges

20 various civil rights and state law violations.  Defendants include

21 the City of Reno ("Reno"), Reno police officers Amanda Hartshorn

22 ("Hartshorn") and Michael Barnes ("Barnes"), and Reno Police Chief

23 Michael Poehlman ("Poehlman").

24      Now pending are Reno and Poehlman's motion (#25) to dismiss and

25 Hartshorn and Barnes' motion (#26) to dismiss.  Plaintiff opposed

26 (## 30, 35) the motions, and Defendants replied (## 32, 39).  The

27 motions are ripe, and we now rule on them.

28

1          **I. Factual and Procedural Background**

2          The facts, as alleged in the amended complaint, are as follows.

3     On January 4, 2008, in the early morning hours between 1:00 and 3:00

4     a.m., "Plaintiff was residing in a downtown Reno, Nevada motel on

5     Nevada street when he was approached by Reno Police Officers." (Am.

6     Compl. ¶ 9 (#20).) "Barnes attempted to speak to Plaintiff." (Id.

7     ¶ 10.) "At that time Plaintiff ran and jumped over the second story

8     railing in an attempt to evade Barnes." (Id.) Plaintiff "fell to

9     the ground, the impact causing a severe compound fracture of the

10    right leg." (Id. ¶ 11.) Barnes then summoned assistance and was

11    joined by Hartshorn. (Id. ¶ 10.) Hartshorn and Barnes then

12    approached the Plaintiff and confronted him with questions regarding

13    another individual. (Id. ¶ 12.) During the course of the

14    interrogation, Defendants refused to provide medical care. (Id.)

15    Indeed, an ambulance was standing by and was kept from responding.

16    (Id.) After further interrogation, the "onsite emergency medical

17    technicians were allowed to approach and treat the Plaintiff." (Id.

18    ¶ 14.) "Reno Police Department and Chief of Police Poehlman

19    subsequently ratified the acts and omissions of the other defendants

20    by refusing to properly investigate the incident and refusing to

21    discipline or address the misconduct." (Id.)

22         On December 30, 2009, Plaintiff filed a complaint (#1) in state

23    court, naming Reno, Poehlman and two unnamed police officers, one

24    female and one male, as defendants. On January 11, 2010, Defendants

25    removed (#1) the lawsuit to federal court. On January 25, 2010,

26    Plaintiff filed a motion (#7) to amend his complaint. Defendants

27    opposed (#9) the motion, and Plaintiff replied (#13). On March 15,

28                                   2

2010, we granted (#19) Plaintiff's motion (#7).  On March 18, 2010, Plaintiff filed an amended complaint (#20), substituting Hartshorn and Barnes as defendants for the unnamed female and male, respectively.  On March 22, 2010, Poehlman and Reno filed a motion (#25) to dismiss.  On April 1, 2010, Hartshorn and Barnes filed a motion (#26) to dismiss.  Plaintiff opposed (## 30, 35) both motions (## 25, 26), and Defendants replied (## 32, 39).

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are

3

1   insufficient to defeat a motion to dismiss." In re Stac Elecs., 89

2   F.3d at 1403 (citation omitted).

3       Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is

4   normally limited to the complaint itself. See Lee v. City of L.A.,

5   250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on

6   materials outside the pleadings in making its ruling, it must treat

7   the motion to dismiss as one for summary judgment and give the non-

8   moving party an opportunity to respond.  Fed. R. Civ. P. 12(d);

9   see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A

10  court may, however, consider certain materials — documents attached

11  to the complaint, documents incorporated by reference in the

12  complaint, or matters of judicial notice — without converting the

13  motion to dismiss into a motion for summary judgment." Ritchie, 342

14  F.3d at 908.

15      If documents are physically attached to the complaint, then a

16  court may consider them if their "authenticity is not contested" and

17  "the plaintiff's complaint necessarily relies on them." Lee, 250

18  F.3d at 688 (citation, internal quotations, and ellipsis omitted).

19  A court may also treat certain documents as incorporated by

20  reference into the plaintiff's complaint if the complaint "refers

21  extensively to the document or the document forms the basis of the

22  plaintiff's claim." Ritchie, 342 F.3d at 908.  Finally, if

23  adjudicative facts or matters of public record meet the requirements

24  of Fed. R. Evid. 201, a court may judicially notice them in deciding

25  a motion to dismiss.  Id. at 909; see Fed. R. Evid. 201(b) ("A

26  judicially noticed fact must be one not subject to reasonable

27  dispute in that it is either (1) generally known within the

28

4

territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned.").

### III. Analysis

Hartshorn and Barnes contend that Plaintiff's amended complaint
(#20) should be dismissed as to them because Plaintiff's claims
against them are barred by the applicable statute of limitations.
In addition, Hartshorn and Barnes raise the qualified immunity
defense and contend, in the alternative, that Plaintiff's claims
arising under 42 U.S.C. § 1983 fail to state a claim.  Hartshorn and
Barnes also urge us, in the event that we dismiss Plaintiff's
section 1983 claims, to decline supplemental jurisdiction over
Plaintiff's state law claims.  Reno and Poehlman contend that
Plaintiff fails to state a claim, raise the qualified immunity
defense as to Poehlman, and likewise urge us to decline supplemental
jurisdiction over Plaintiff's state law claims.

We will examine each argument, but in the following order.  We
will first address the propriety of making a determination, at this
stage in the litigation, regarding the statute of limitations issue
and qualified immunity defense.  We will then turn to the question
of whether Plaintiff states a claim upon which relief can be
granted.  Finally, we will address supplemental jurisdiction.

At the outset, however, we note that Plaintiff names Hartshorn,
Barnes and Poehlman not just in their individual, but in their
official capacities.  Official-capacity suits represent a way of
pleading an action against an entity of which an officer is an

5

1  agent.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Plaintiff
2  names Reno as a defendant in this matter.  Therefore, Plaintiff's
3  claims against Hartshorn, Barnes and Poehlman in their official
4  capacities are duplicative of his claims against Reno and will be
5  dismissed with prejudice on that basis.  See Carnell v. Grimm, 872
6  F.Supp. 746, 752 (D. Haw. 1994) (dismissing plaintiff's claims
7  against local police officers in their official capacities as
8  duplicative of plaintiff's claims against the city and county of
9  Honolulu, and stating that "courts should treat such suits as suits
10 against the governmental entity"); Luke v. Abbott, 954 F.Supp. 202,
11 204 (C.D. Cal. 1997) ("After the Monell holding, it is no longer
12 necessary or proper to name as a defendant a particular local
13 government officer acting in official capacity.")

14      Plaintiff also names the Reno Police Department as a defendant
15 in this action.  The Reno Police Department is not a separate
16 political subdivision capable of being sued.  See Vance v. County of
17 Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996); Wayment v.
18 Holmes, 912 P.2d 816, 818 (Nev. 1996).  We will therefore dismiss
19 with prejudice Plaintiff's claims as to the Reno Police Department.

20          1. Statute of Limitations

21      All of Plaintiff's claims for relief are governed by a two year
22 statute of limitations.  Nev. Rev. Stat. § 11.190(4); The Cmty.
23 Concerning Comm. Improvement v. City of Modesto, 583 F.3d 690, 701
24 n.3 (9th Cir. 2009).  Plaintiff filed his original complaint (#1) on
25 December 30, 2009, within the limitations period.  The original
26 complaint, however, did not name Defendants Barnes and Hartshorn;
27 instead, it named fictitious defendants in their places.  Plaintiff
28

6

filed an amended complaint (#20), naming Defendants Hartshorn and Barnes, on March 18, 2010, outside the limitations period. Plaintiff's claims against Defendants Hartshorn and Barnes are thus time barred unless the amendment "relate[s] back" to the original complaint.  See Merritt v. County of Los Angeles, 875 F.2d 765, 767 (9th Cir. 1989).

Because the amended complaint, naming Hartshorn and Barnes, was filed subsequent to removal, Plaintiff's claims arising under Nevada common law are governed by the Federal Rule of Civil Procedure 15 ("Rule 15")[1]. FED. R. CIV. P. 15(c); c.f. Anderson v. Allstate Ins. Co., 630 F.2d 677, 682 (9th Cir. 1980) (noting that the issue of relation back was governed by state law, not Rule 15, because the relevant amendments and service of process preceded removal to federal court).  Plaintiff's claims arising under section 1983, however, are treated differently, and governed by the state of Nevada's relation back provision.  Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

An analysis of Plaintiff's Nevada common law claims under Rule 15 requires us to ascertain, inter alia, whether the parties brought in by amendment received notice of the action such that they will not be prejudiced in defending on the merits.  FED. R. CIV. P. 15(c)(1)(C)(i).  An analysis of Plaintiff's section 1983 claims

---

[1] The parties apparently assume that all of Plaintiff's claims are governed by Nevada's relation back provision.  They do not provide, however, nor have we discovered, any authority indicating that Plaintiff's state-law claims should be governed by Nevada law. It appears that only Plaintiff's section 1983 claims are governed by Nevada's relation back provision.  Nevertheless, the parties should address this issue, should they choose to re-raise the statute of limitation defense, in an appropriate motion.

7

1  under Nevada's relation back provision requires us to determine,

2  inter alia, whether Plaintiff exercised reasonable diligence in

3  ascertaining the true identities of the intended defendants.

4  <u>Nurenberger Hercules-Werke GmBH v. Virostek</u>, 822 P.2d 1100 (Nev.

5  1991).  Under either standard, determining whether Plaintiff's

6  amended complaint relate back to Plaintiff's original complaint

7  requires us to make factual determinations that are inappropriate on

8  a motion to dismiss.[2]  We thus decline to dismiss Plaintiff's claims

9  on that basis.  Defendants, however, may raise this issue again on a

10 motion for summary judgment.

11              2. Qualified Immunity

12      Hartshorn, Barnes and Poehlman assert the defense of qualified

13 immunity with respect to Plaintiff's individual capacity claims

14 arising under section 1983.  When evaluating qualified immunity

15 defenses, Courts look to see (1) whether the official's conduct,

16 taken in the light most favorable to the party asserting the injury,

17 violated a constitutional right; and (2) whether the right was

18 clearly established.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  At

19 this stage in the litigation, a finding of qualified immunity would

20 be premature.  Defendants may assert this defense at the summary

21 judgment stage.

22

23

24

_____

25      [2] The parties file various documents in connection with the
   briefing on this motion to dismiss that we cannot and do not consider
26 deciding this motion to dismiss.  The parties may submit these
   documents in connection with a motion for summary judgment or other
27 appropriate motion.

28                              8

### 3. Failure to state a claim

#### a. Fourth Amendment

Plaintiff's first claim for relief alleges a violation of the Fourth Amendment.  Specifically, Plaintiff alleges that Hartshorn and Barnes, with the "approval and encouragement of Defendants Chief Poehlman and in accordance with the custom and policy" of all defendants "unlawfully and without probable cause restrained Plaintiff of his liberty."  (Am. Compl. ¶¶ 16, 17 (#20).)

"The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest."  Ramirez v. City of Buena Park, 560 F.3d 1012, 1020 (9th Cir. 2009).  Under Fourth Amendment jurisprudence, police stops fall into three categories.  See Morgan v. Woessner, 997 F.2d 1244, 1252 (9th Cir. 1993).  First, a police officer may stop a person for questioning so long as the person is free to leave at any time.  Id.  Second, a police officer may "seize" a person for a brief, investigatory stop.  Id.  A seizure takes place when a "police officer accosts an individual and restrains his freedom to walk away."  Terry v. Ohio, 392 U.S. 1, 16 (1968).  Such stops must be supported by a "reasonable suspicion to believe that criminal activity may be afoot," United States v. Arvizu, 534 U.S. 266, 273 (2002), and require justification as to scope and duration.  Florida v. Royer, 460 U.S. 491, 500 (1983).  Third, the police may make a full-scale arrest, which must be supported by probable cause.  Morgan, 997 F.2d at 1252.

1    Although Plaintiff alleges that Defendants restrained him
2  without probable cause, Plaintiff does not allege, nor do the
3  allegations support the inference, that the circumstances
4  surrounding his alleged seizure were tantamount to a full-scale
5  arrest and thus required probable cause.  Moreover, Plaintiff does
6  not allege that Hartshorn or Barnes seized him without reasonable
7  suspicion or that his seizure was unjustified with respect to either
8  scope or duration.  We therefore conclude that Plaintiff has not
9  alleged facts constituting a Fourth Amendment violation.
10 Plaintiff's first claim will be dismissed on that basis.

11    We additionally note that Plaintiff alleges, in support of this
12 claim, that he has suffered "harm to professional and personal
13 reputation."  (Am. Compl. ¶ 19 (#20).)  Defendants urge us to rule
14 that, to the extent Plaintiff attempts to assert a so-called
15 "defamation-plus" claim, he fails to state a claim.  It appears to
16 us that Plaintiff alleges harm to his reputation as a damage, not as
17 an independent claim for relief.  Nevertheless, to the extent
18 Plaintiff attempts to assert a "defamation-plus" claim, we agree
19 with Defendants that Plaintiff's claim fails.

20    There are two ways to state a cognizable section 1983 claim for
21 defamation-plus: "(1) allege that the injury to reputation was
22 inflicted in connection with a federally protected right; or (2)
23 allege that the injury to reputation caused the denial of a
24 federally protected right."  Herb Hallman Chevrolet, Inc. v.
25 Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999).  The facts alleged
26 in Plaintiff's amended complaint do not support either type of
27 "defamation-plus" claim.

28
                                10

b. Due Process

     Plaintiff's second claim for relief alleges a violation of the Due Process clause of the Fourteenth Amendment.  Plaintiff's amended complaint is not a model of clarity.  Indeed, it is unclear, from Plaintiff's amended complaint, under what theory Plaintiff alleges a violation of his due process rights.  Plaintiff clarifies, however, in his opposition (#35) that his due process claim is based on inadequate medical care: "[t]he facts regarding the lack of medical care will come to light during [discovery]."  (P.'s Opp. at 11 (#35).)  Plaintiff's claim, based on this theory, fails because Plaintiff does not allege facts indicating he was a pretrial detainee at the time he was allegedly denied adequate medical care.

     Pretrial detainees have a substantive due process right to adequate medical care under the Fourteenth Amendment.  Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).  The Ninth Circuit has made clear that, with respect to medical needs, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'"  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Carnell, 74 F.3d at 979).

     The Supreme Court has not resolved the question of when exactly the Due Process Clause protection for pretrial detainees begins.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  Nevertheless, we have not discovered, nor has Plaintiff provided, any authority – binding or persuasive — suggesting that the status of pretrial detainee begins prior to arrest.  See, e.g., Gibson v. County of

11

1  Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because Gibson

2  had not been convicted of a crime, but had only been arrested, his

3  rights derive from the due process clause . . . ."). Because

4  Plaintiff does not allege facts indicating that he was denied

5  medical care subsequent to arrest and thus was a pretrial detainee

6  at that time, he fails to state a claim under the Fourteenth

7  Amendment.  See also Albright v. Oliver, 510 U.S. 266, 271-7 (1994)

8  (discussing the limited scope of substantive due process rights and

9  expressing "reluctan[ce] to expand the concept") (internal quotation

10 omitted).

11                      c. Fifth Amendment

12      Plaintiff's third claim for relief asserts a violation of his

13 Fifth Amendment rights.  Specifically, Plaintiff claims that his

14 Fifth Amendment rights were violated when Defendants coerced a

15 statement from him.

16      In a set of opinions, none of which commanded a majority on the

17 Fifth Amendment issue, the Supreme Court held that "coercive police

18 questioning does not violate the Fifth Amendment, absent use of the

19 statements in a criminal case."  Stoot v. City of Everett, 582 F.3d

20 910, 923 (9th Cir. 2009) (citing Chavez v. Martinez, 538 U.S. 760,

21 766 (2003)).  "A coerced statement has been 'used' in a criminal

22 case when it has been relied upon to file formal charges against the

23 declarant, to determine judicially that the prosecution may proceed,

24 and to determine pretrial custody status."  Id. at 925.

25      Plaintiff does not allege facts indicating whether and in what

26 respect his allegedly coerced statement was used against him within

27 the meaning of Stoot.  Plaintiff therefore fails to state a claim

28
                                12

for a violation of the Fifth Amendment.  Plaintiff's third claim for
relief will be dismissed on that basis.

<u>d. Custom and Policy</u>

Plaintiff's fourth and fifth claims for relief are entitled
"Custom and Policy" and "Custom and Policy Through Ratification."
The claims do not appear to apply to Hartshorn and Barnes; the
supporting allegations refer exclusively to Reno and Poehlman.

To state a claim against a governmental agency, the pleading
must demonstrate that the a custom or policy of the entity caused
the violation of Plaintiff's federally protected rights.  <u>Monell v.</u>
<u>Department of Social Services</u>, 436 U.S. 658, 694 (1978).  A
plaintiff seeking to establish municipal liability under section
1983 may do so in one of three ways: 1) the plaintiff may
demonstrate that a municipal employee committed the alleged
constitutional violation "pursuant to a formal governmental policy
or longstanding practice or custom which constitutes the standard
operating procedure of the local governmental entity"; 2) the
plaintiff may demonstrate that the person who committed the
constitutional violation "was an official with final policy-making
authority and that the challenged action itself thus constituted an
act of official government policy"; or 3) the plaintiff may
demonstrate that "an official with final policy-making authority
ratified a subordinate's unconstitutional decision or action and the
basis for it."  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

In this case, we have ruled that Plaintiff does not state a
claim for an underlying constitutional violation.  Therefore,
Plaintiff's custom and policy claims must be dismissed.

13

1              e. Negligence and Emotional Distress

2      Plaintiff's sixth and seventh claims for relief allege

3 negligence and emotional distress.  These claims refer exclusively

4 to conduct carried out by Hartshorn and Barnes.  Hartshorn and

5 Barnes urge us, in the event we dismiss Plaintiff's other claims, to

6 decline supplemental jurisdiction over these claims.  Because, as

7 discussed below, we give Plaintiff leave to file an amended

8 complaint, we will continue to exercise supplemental jurisdiction

9 over these claims to the extent and on the basis delineated in our

10 section entitled 'Supplemental Jurisdiction'.  Hartshorn and Barnes

11 do not challenge Plaintiff's sixth and seventh claims on their

12 merits, and these claims thus survive the present motion to dismiss

13 as to Hartshorn and Barnes.  These claims, however, will be

14 dismissed as to Poehlman and Reno because the underlying allegations

15 do not reference any conduct of Poehlman or Reno.

16              f. Negligent Hiring, Training, Supervision and

17 Retention

18      Plaintiff's eighth claim for relief alleges negligent hiring,

19 training, supervision and retention.

20      This claim appears to only apply to conduct carried out by Reno

21 and Poehlman.  In support of this claim, Plaintiff alleges that

22 "Defendants Chief Poehlman, Reno Police Department and City of Reno

23 failed to exercise reasonable care for the safety and protection of

24 Plaintiff with respect to the hiring, supervising and retention of

25 Hartshorn and Barnes."  (Am. Compl. ¶ 33 (#20).)  Plaintiff's

26 allegations supporting this claim are entirely conclusory and thus

27

28                              14

1  fail to provide Defendants with adequate notice.  Plaintiff's eighth
2  claim will be dismissed on that basis.

3                      g. Punitive Damages

4      Defendants urge us to strike Plaintiff's request for punitive
5  damages with respect to the City of Reno and with respect to all of
6  Plaintiff's state law claims.

7      City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271
8  (1981) bars Plaintiff from recovering punitive damages for his
9  section 1983 claims against the city of Reno.  Therefore we will
10 strike Plaintiff's prayer for punitive damages with respect to the
11 City of Reno.  Moreover, under Nevada law, punitive damages against
12 the City of Reno and the individual officers are unavailable for
13 Plaintiff's state law claims.  NEV. REV. STAT. § 41.035(1); Bryan v.
14 Las Vegas Metropolitan Police Dept., 349 Fed. Appx. 132, 135 (9th
15 Cir. 2009).  We will therefore also strike Plaintiff's prayer for
16 punitive damages with respect to all defendants for Plaintiff's
17 state law claims.

18     We note, however, that punitive damages remain potentially
19 available to Plaintiff with respect to his section 1983 claims
20 against Hartshorn, Barnes and Poehlman in their individual
21 capacities.

22

23                   **IV. Leave to Amend**

24     Under Rule 15(a) leave to amend is to be "freely given when
25 justice so requires."  In general, amendment should be allowed with
26 "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244
27 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission

28
                                15

1  Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors
2  such as undue delay, bad faith, dilatory motive, undue prejudice or
3  futility of amendment are present, leave to amend may properly be
4  denied in the district court's discretion.  Eminence Capital, LLC v.
5  Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

6       In light of the liberal spirit of Rule 15(a), Plaintiff should
7  have an opportunity to amend his complaint.  If the amended
8  complaint is similarly deficient, however, we may be forced to
9  conclude that leave to further amend would be futile.

10

11                     **V. Supplemental Jurisdiction**

12       Under 28 U.S.C. § 1367(c), a district court "may decline to
13  exercise supplemental jurisdiction . . . [if] the district court has
14  dismissed all claims over which it has original jurisdiction."  28
15  U.S.C. § 1367(c)(3).  The court's discretion to decline jurisdiction
16  over state law claims is informed by the values of judicial economy,
17  fairness, convenience, and comity.  Acri v. Varian Assocs., Inc.,
18  114 F.3d 999, 1001 (9th Cir. 1997).  In addition, "[t]he Supreme
19  Court has stated, and [the Ninth Circuit] ha[s] often repeated, that
20  'in the usual case in which all federal-law claims are eliminated
21  before trial, the balance of factors . . . will point toward
22  declining to exercise jurisdiction over the remaining state-law
23  claims.'"  Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S.
24  343, 350 n.7 (1988).

25       Because we give Plaintiff leave to amend his claims, including
26  his federal claims, we will continue to exercise supplemental
27  jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

28
                                    16

§ 1367(c)(3).  Nevertheless, if Plaintiff chooses not to amend his complaint or if Plaintiff's amended complaint fails to state a federal claim, we may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand this lawsuit to state court.

## VI. Conclusion

Plaintiff's claims against Hartshorn, Barnes and Poehlman in their official capacities are duplicative of his claims against Reno and will be dismissed on that basis.  The Reno Police Department is not a separate political subdivision capable of being sued; Plaintiff's claims against the Reno Police Department will therefore be dismissed.  We decline to dismiss Plaintiff's claims against Hartshorn and Barnes in their individual capacities on the basis that the claims are barred by the applicable statute of limitations; such a decision would require us to make factual determinations inappropriate on a motion to dismiss.  We also decline to address Hartshorn, Barnes and Poehlman's defense of qualified immunity because such a determination would likewise be premature at this stage in the litigation.

Plaintiff does not allege that the circumstances surrounding his alleged seizure were tantamount to a full-scale arrest and thus required probable cause nor does he allege that he was seized without reasonable suspicion or that his seizure was unjustified with respect to either scope or duration.  Plaintiff thus does not state a claim for a Fourth Amendment violation.  Plaintiff does not allege facts indicating that he was a pretrial detainee at the time

he was allegedly deprived of medical care.  Thus, Plaintiff does not state a claim for violation of his rights under the Fourteenth Amendment.  Plaintiff does not allege facts indicating that his allegedly coerced statement was used against him in a criminal case. Therefore, Plaintiff does not state a claim for a Fifth Amendment violation.  Because Plaintiff does not state a claim for an underlying constitutional violation, Plaintiff's fourth and fifth claims – alleging that his constitutional violations were caused by custom and policy — will be dismissed.

Plaintiff's sixth and seventh claims, alleging negligence and emotional distress, will be dismissed as to the City of Reno and Poehlman, but not as to Hartshorn and Barnes.  Hartshorn and Barnes do not challenge these claims on their merits; rather, they urge us to decline to exercise pendant jurisdiction over these claims.  In light of our decision, giving Plaintiff leave to amend his complaint, we will continue to exercise supplemental jurisdiction over Plaintiff's state law claims.  The allegations underlying Plaintiff's sixth and seventh claims do not, however, describe any conduct carried out by Reno and Poehlman.  The claims will therefore be dismissed as to them.  Plaintiff's eighth claim for relief, alleging negligent hiring, training, supervision and retention, is entirely conclusory and will be dismissed on that basis.

18

1  **IT IS, THEREFORE, HEREBY ORDERED** that Defendants City of Reno
2 and Michael Poehlman's motion to dismiss (#25) is **GRANTED** on the
3 following basis: The claims against Defendant Michael Poehlman in
4 his official capacity are dismissed with prejudice.  The claims
5 against Defendant Michael Poehlman in his individual capacity are
6 dismissed without prejudice.  The claims against Defendant Reno
7 Police Department are dismissed with prejudice.

8

9  **IT IS, FURTHER, HEREBY ORDERED** that Defendants Amanda Hartshorn
10 and Michael Barnes' motion to dismiss (#26) is **GRANTED** in part and
11 **DENIED** in part on the following basis: The claims against Defendant
12 Amanda Hartshorn in her official capacity are dismissed with
13 prejudice.  The claims against Defendant Michael Barnes in his
14 official capacity are dismissed with prejudice.  Plaintiff's first,
15 second, third, fourth, fifth and eighth claims against Defendants
16 Michael Barnes and Amanda Hartshorn in their individual capacities
17 are dismissed without prejudice.  The motion is denied with respect
18 to Plaintiff's sixth and seventh claims against Defendants Michael
19 Barnes and Amanda Hartshorn in their individual capacities.

20

21  **IT IS, FURTHER, HEREBY ORDERED** that punitive damages are
22 unavailable against Defendant City of Reno for Plaintiff's claims
23 arising under 42 U.S.C. 1983.  Punitive damages are also unavailable
24 against all defendants for Plaintiff's state law claims.

25

26  **IT IS, FURTHER, HEREBY ORDERED** that Plaintiff shall have 21
27 days within which to file an amended complaint.  If Plaintiff

28

1  chooses not to file an amended complaint, this case will continue

2  with respect to the claims not dismissed by this order.

3

4

5  DATED: December 6, 2010.

6  _____

7                           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28