UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JAMES ANTHONY TOLAN,<br><br>             Plaintiff,<br><br>vs.<br><br>RENO POLICE OFFICER AMANDA<br>HARTSHORN, et al.,<br><br>             Defendants. | 3:10-cv-0017-LRH-WGC<br><br>ORDER |

Before the court is Defendants Reno Police Officer Amanda Hartshorn's ("Officer Hartshorn"), Reno Police Officer Michael Barnes' ("Officer Barnes"), and the City of Reno's (collectively "Defendants") Renewed Motion for Summary Judgment (Doc. #97[1]).

**I.    Facts**[2]

Early on January 4, 2008, Officer Barnes observed Plaintiff James Anthony Tolan ("Plaintiff") and a passenger driving a vehicle reported as stolen. When Plaintiff and the unknown passenger exited the vehicle, Officer Barnes approached and ordered them to stop. Instead, Plaintiff and his companion fled from Officer Barnes, jumping off a second-story balcony of a motel. Though the unnamed individual escaped, Plaintiff broke his leg upon landing.

After Officer Barnes called for backup, several police officers, including Officer Hartshorn, arrived. They subsequently arrested Plaintiff and called for an ambulance. When the

---

[1] Refers to the court's docket entry number.

[2] As this is a motion for summary judgment, the facts are presented in the light most favorable to Plaintiff as the non-moving party.

1  ambulance arrived, Officer Hartshorn told Plaintiff he would not receive medical attention until
2  he answered her questions about the individual who escaped including his name and where he
3  had gone. After approximately ten to fifteen minutes of questioning without receiving any
4  answers about the other individual, his whereabouts, or if he was armed, Officer Hartshorn
5  allowed the paramedics to treat Plaintiff.

6  On December 30, 2009, Plaintiff filed his Complaint alleging federal civil rights
7  violations as well as several state law claims in state court. The case was removed to federal
8  court on January 11, 2010. Doc. #1. Defendants moved to dismiss Plaintiff's Second Amended
9  Complaint (Doc. #44) which was granted in-part and denied in-part by the court (Doc. #54). In
10 the court's order, the court dismissed all claims except for Plaintiff's First Cause of Action
11 alleging a Fourth Amendment rights violation by restraining Plaintiff without probable cause;
12 Second Cause of Action alleging a Fourteenth Amendment due process violation by depriving
13 Plaintiff of adequate medical care; Fifth Cause of Action for negligence; and Sixth Cause of
14 Action for negligent infliction of emotional distress. *See* Doc. #54.

15 Thereafter, Defendants filed a Motion for Summary Judgment (Doc. #80) which was
16 denied without prejudice so that Defendants could depose non-party Matthew Baker (Doc. #96).
17 After deposing Matthew Baker, Defendants filed the present renewed Motion for Summary
18 Judgment (Doc. #97), to which Plaintiff has responded (Doc. #98).

19 **II.    Legal Standard**

20 Summary judgment is appropriate only when the pleadings, depositions, answers to
21 interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the
22 record show that "there is no genuine issue as to any material fact and the movant is entitled to
23 judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary
24 judgment, the evidence, together with all inferences that can reasonably be drawn therefrom,
25 must be read in the light most favorable to the party opposing the motion. *Matsushita Elec.*
26 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora*
27 *Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).
28 ///

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.   Discussion**

    **A. First Cause of Action**

In his first cause of action, Plaintiff alleges that the police officers did not have probable cause for arresting him, in violation of his Fourth Amendment rights. However, Plaintiff now concedes that Defendants had probable cause for his arrest. *See* Doc. #83. Accordingly, Defendants' Renewed Motion for Summary Judgment (Doc. #97) is granted on the First Cause of Action.

    **B. Second Cause of Action**

Plaintiff's second cause of action alleges that Defendants deprived him of, and were deliberately indifferent to, his medical needs, in violation of the Fourteenth Amendment's due

process guarantee. Regarding this Second Cause of Action, Defendants argue they are entitled to qualified immunity. *See* Doc. #97. The court has reviewed the documents and pleadings on file in this matter and agrees.

To determine qualified immunity, the court must consider whether the officers' conduct violated one of Plaintiff's constitutional rights and whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *receded from on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Courts, however, need not necessarily answer these questions in the order presented, particularly if they deal with "difficult questions that have no effect on the outcome of the case." *Pearson*, 555 U.S. at 236–237.

Here, the court finds that Defendants did not violate Plaintiff's constitutional rights by depriving him of medical care. Further, the court finds that regardless of whether Defendants violated Plaintiff's constitutional right to receive treatment for serious medical needs, his constitutional right to care under the circumstances of this action was not clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 194.

In this situation, there was little to no time for the officers to actually deliberate. Unlike many other cases sustaining constitutional violations for withholding medical treatment, this case did not take place in an administrative setting, where people often have hours or even days to make decisions. *See, e.g.*, *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006) (employee could be liable for a sixteen-day delay in treating an inmate's fractured thumb); *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003) (officials could be liable for a roughly five-hour delay of providing food to a diabetic detainee). Rather, this situation took place in the field over the course of approximately ten to fifteen minutes. *See* Defendants' Motion for Summary Judgment, Doc. #80, Exhibit E, pp. 22–23. Officer Hartshorn's questioning was aimed at resolving a potential emergency: finding Plaintiff's escaped companion. *See* Second Amended Complaint, Doc. #41, ¶ 11; Defendant's Renewed Motion for Summary Judgment, Doc. #97, Exhibit A, pp. 42–44, 86–99. The officers did not know where he was, whether he was armed, or how dangerous he

1  might be to the officers or to the general public.

2  Additionally, although Plaintiff's injury of a broken leg required *prompt* medical care, it
3  did not require *immediate* care. The officers appropriately recognized this, as evidenced by the
4  fact Officer Hartshorn allowed the paramedics to treat Plaintiff after ten to fifteen minutes of
5  questioning, despite not getting her desired answers. Officer Hartshorn reasonably and correctly
6  determined that ten to fifteen additional minutes would not affect Plaintiff's treatment for a
7  broken leg as he was not in a life threatening condition. As such, she did not "disregard[] an
8  excessive risk to [Plaintiff's] health and safety." *See Gibson v. County of Washoe*, 290 F.3d
9  1175, 1187 (9th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Based on
10 these circumstances, it was reasonable for Officer Hartshorn to believe her actions were
11 constitutional. Therefore, the court finds that she is entitled to qualified immunity. Officer
12 Barnes, less involved in the overall situation than Officer Hartshorn, is similarly immune. For
13 these reasons, Defendants' Renewed Motion for Summary Judgment (Doc. #97) is granted for
14 the Second Cause of Action.

15 **C. Remaining Causes of Action**

16 The remaining Fifth and Sixth Causes of Action for negligence and negligent infliction of
17 emotional distress are state law claims. Pursuant to 28 U.S.C. § 1367(a), a district court may
18 exercise supplemental jurisdiction over state law claims that are part of the same case or
19 controversy as plaintiff's federal claims. However, the court may decline to exercise
20 supplemental jurisdiction over state law claims if the court determines that federal claims warrant
21 dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the
22 court's discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966).

23 Because the court has already addressed Plaintiff's federal claims in favor of Defendants,
24 the court declines to exercise supplemental jurisdiction over his remaining state law claims.
25 These claims shall be remanded back to state court.

26 ///
27 ///
28 ///

1     IT IS HEREBY ORDERED that Defendants' Renewed Motion for Summary Judgment
2 (Doc. #97) is GRANTED in part and DENIED in part in accordance with this order. The Clerk of
3 court shall grant judgment in favor of Defendants and against Plaintiff James Tolan on Plaintiff's
4 First Cause of Action for a Fourth Amendment rights violation and on Plaintiff's Second Cause
5 of Action for a Fourteenth Amendment due process violation.
6     IT IS FURTHER ORDERED that the case is REMANDED to the Second Judicial
7 District Court of the State of Nevada.
8     IT IS SO ORDERED.
9     DATED this 28th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE